UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARISA V. BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-01390-CEJ |
| | ) |
| RELIABLE LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to stay this case pending arbitration. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act (ADEA0, 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*, claiming that defendant discriminated against her based on her age, disability, and national origin. The plaintiff has not responded to the motion to stay, and the time allowed for doing so has expired.

I. Background.

Bray was employed by United Insurance Company of America as a claims adjuster beginning on January 7, 2013. When Bray began her employment, she signed an Arbitration Agreement that contained the following provision:

> [A]ll disputes related to Employee's employment by Employer (or any affiliate of Employer), or the termination of that employment (excepting only the following: (1) charges filed with the U.S. Equal Employment Opportunity Commission ("EEOC") or state fair employment practices agency, for so long as said charges remain under investigation, and (2) claims brought by the Employer for injunctive relief and/or breach of covenant not to compete), shall be settled by arbitration administered by the American Arbitration Association ("AAA") pursuant to the AAA's National Rules for

Resolution of Employment Disputes ("AAA Rules"), as amended from time to time.

The Arbitration Agreement also provides that arbitration is the "exclusive method of resolving all disputes relating to Employee's employment with Employer or the termination of that employment."

In its motion, United argues that Bray is required to submit her claims of employment discrimination to arbitration and that this action should be stayed.

II. Discussion.

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 133 S. Ct. 696, 708 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). "[I]n considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Krakowski v. Am. Airlines, Inc.*, 927 F. Supp. 2d 769, 774 (E.D. Mo. 2013). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, to determine whether United has met its burden of demonstrating that the interest of judicial economy and the potential prejudice or hardship to the parties counsel issuing a stay, the Court considers United's assertion that arbitration is both required and binding. This assertion is not contested by Bray and, indeed, it is supported by the language of the agreement. Under terms of the Arbitration Agreement, the submission of Bray's employment discrimination claims against United to arbitration is mandatory. United cites a provision of the Federal

2

Arbitration Act (FAA) in support of request for a stay. That provision states that where a plaintiff brings suit in federal court on an issue that is "referable" to arbitration, the court hearing that case "shall on application of one of the parties stay the trial of the action . . . ." 9 U.S.C. § 3.  The arbitration agreement in this case does not allow Bray to bring a suit in the district court only to have that suit "referred" to arbitration. Rather, the agreement provides that arbitration is Bray's exclusive remedy.  Thus, § 3 of the FAA is not applicable here.

The Court finds that United has failed to justify its request that this action be stayed.  Pausing this litigation only to dismiss it once the arbitration concludes is not in the interest of judicial economy.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to stay [Doc. #12] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.