IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LARISA V. BRAY,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-01390-CEJ ) ) |
| **UNITED INSURANCE COMPANY OF AMERICA,** | ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

#### I. INTRODUCTION

This matter is before the Court on Defendant United Insurance Company of America's ("United Insurance") Motion to Dismiss Plaintiff's First Amended Complaint or, Alternatively, to Strike Plaintiff's Age Discrimination in Employment Act Claims. On September 23, 2014, United Insurance moved to stay these proceedings and compel arbitration based on the arbitration agreement between the parties. On October 8, 2014, before the Court had an opportunity to rule on that motion, Plaintiff moved to file her First Amended Complaint ("First Amended Complaint") which sought to add Age Discrimination in Employment Act Claims ("ADEA") to her previously asserted Title VII and Americans with Disabilities Act ("ADA") claims. The Court denied United Insurance's Motion to Stay, but held that the claims between the parties were subject to a valid arbitration agreement. Additionally, the Court granted Plaintiff leave to file the First Amended Complaint.

As set forth herein, United Insurance's Motion to Dismiss the entire First Amended Complaint should be granted because the Court has already ruled that the arbitration agreement

("Arbitration Agreement") is the sole recourse available to Plaintiff for her claims against United Insurance. As Plaintiff's Memorandum in Opposition notes, her employment with United Insurance was contingent on her execution of a mandatory, binding arbitration agreement. United Insurance would not have employed Plaintiff if she had not agreed to the Arbitration Agreement. The Arbitration Agreement is clearly meant to include the claims brought by Plaintiff. Plaintiff agreed that arbitration would be her sole remedy against United Insurance and this Court has already held that the Arbitration Agreement applies to this dispute.

In the alternative, the Court should strike Plaintiff's ADEA claims for failure to exhaust her administrative remedies. Plaintiff's argument appears to be that an ADEA claim could reasonably be inferred from the facts identified in her Charge of Discrimination. However, even a cursory reading of the Charge makes it clear that she did not identify <u>any</u> facts related to alleged age discrimination when she filed with the EEOC and, in fact, admitted as much when she filed the First Amended Complaint. As a result, the Court should dismiss the First Amended Complaint in its entirety because the claims asserted therein are subject to a valid arbitration agreement or, alternatively, strike Plaintiff's ADEA claims.

## II.   ARGUMENT

### A.   THE COURT HAS ALREADY RULED THAT AN ARBITRATION AGREEMENT GOVERNS PLAINTIFF'S CLAIMS AGAINST UNITED INSURANCE

The Court has already held that, "the submission of Bray's employment discrimination claims against United to arbitration is <u>mandatory</u>." *ECF #26*, Memorandum and Order, p. 2 (emphasis added). Likewise, the Court also held that, "the agreement provides that <u>arbitration is Bray's exclusive remedy</u>." *Id.* (emphasis added). The Court has already ruled on the enforceability of the Arbitration Agreement in this matter. That decision constitutes the law of the case and Plaintiff is precluded from re-litigating the issue now.

"[T]he law of the case doctrine as provided that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *First Union Nat. Bank v. Pictet Overseas Trust Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007) (internal quotations omitted). The purpose of the doctrine is to prevent the parties from re-litigating settled issues in a case, "thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Id.* (internal quotations omitted). As a result of its October 22, 2014 Order, the Court is free to disregard Plaintiff's arguments regarding the validity or enforceability of the Arbitration Agreement. Plaintiff had an opportunity to raise these arguments in response to United Insurance's Motion to Compel Arbitration and did not. The Court has ruled that there is nothing before the Court in this case that would not be covered by the Arbitration Agreement. As a result, dismissal is proper given that the Court did not stay this action. *See e.g. Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011) (holding that "district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration"); and *Torres v. Simpatico, Inc.*, 995 F. Supp. 2d 1057, 1065 (E.D. Mo. 2014) (holding that "[w]here all the claims against all parties are subject to arbitration, dismissal of the action is proper").

Nonetheless, Plaintiff argues that the Court should reverse its prior ruling and the law of this case because her employment with United Insurance was conditioned on her signing the Arbitration Agreement. This argument is unavailing for two reasons. First, it is well-established that "incorporation of the AAA Rules . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." *Fallo v. High-Tech Institute*, 559 F.3d 874, 879 (8th Cir. 2009). *See also Green*, 653 F.3d at 769 ("By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability")

(*citing Fallo, id.*). The Arbitration Agreement between Plaintiff Bray and United Insurance clearly and unambiguously incorporates the AAA's rules:

> By signing this Arbitration Agreement ("Agreement"), United Insurance Company of America (and its affiliates The Reliable Life Insurance Company . . . collectively referred to as "Employer") and Employee agree that all disputes related to Employee's employment by Employer (or any affiliate of Employer), or the termination of that employment . . . shall be settled by arbitration administered by the American Arbitration Association ("AAA") pursuant to the AAA's National Rules for the Resolution of Employment Disputes ("AAA Rules"), as amended from time to time.

*See ECF #13-1*, Arbitration Agreement, ¶1. Thus, this case should proceed to arbitration because the AAA's Employment Arbitration Rules and Mediation Procedures[1] provide that an arbitrator determines his or her jurisdiction.

Second, to the extent that Plaintiff is challenging the conscionability of the Arbitration Agreement, her arguments must also fail. The Arbitration Agreement is a stand-alone document and thus a challenge to its conscionability is a challenge to the contract as a whole. The Supreme Court has held that, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). *See also Sabo v. Dennis*, 948 N.E.2d 121, 129 (Ill. Ct. App. 2011).[2]

Notwithstanding the foregoing, a passing review of the Arbitration Agreement shows that it is not unconscionable. "Unconscionability can be either 'procedural' or 'substantive' or a combination of both." *Razor v. Hyundai Motor America*, 854 N.E.2d 607, 622 (Ill. 2006). "Procedural unconscionability occurs when a term is so difficult to find, read, or understand that

---

[1] The "National Rules for the Resolution of Employment Disputes" were renamed the "Employment Arbitration Rules and Mediation Procedures" by the AAA. Any arbitration agreements providing for arbitration under its National Rules for the Resolution of Employment Disputes are now administered pursuant to the Employment Arbitration Rules and Mediation Procedures. *See* Employment Arbitration Rules and Mediation Procedures, "Applicable Rules of Arbitration."

[2] The Arbitration Agreement provides that "[t]he enforceability of this Agreement shall be determined under the laws of the State of Illinois and the Federal Arbitration Act, 9 U.S.C. Sections 1-16." *See ECF #13-1*, Arbitration Agreement, ¶7. Therefore, United Insurance relies on Illinois law regarding the interpretation of contracts.

it cannot be fairly said that the plaintiff was aware that he was agreeing to the term." *Fuqua v. SVOX AG*, 13 N.E.3d 68, 80 (Ill. Ct. App. 2014). "Factors to be considered in determining whether an agreement is procedurally unconscionable include whether each party had the opportunity to understand the terms of the contract, whether important terms were 'hidden in a maze of fine print,' and all of the circumstances surrounding the formation of the contract." *Phoenix Ins. Co. v. Rosen*, 949 N.E.2d 639, 647 (Ill. 2011). Substantive unconscionability occurs when terms are inordinately one-sided in one party's favor. *Id.*

Here, Plaintiff appears to be asserting a claim of procedural unconscionability in that she was given an "ultimatum" that she needed to sign the Arbitration Agreement in order to obtain employment with United Insurance. This is not evidence of procedural unconscionability. The fact that an executed arbitration agreement was a prerequisite for Plaintiff's employment with United Insurance supports the conclusion that this case should be dismissed and proceed to arbitration. In *Fuqua*, the Court found that the validity of the arbitration clause in that case was supported by the offer of employment, the employee's acceptance of the offer, and the consideration of employee's employment and the promise to resolve any employment disputes through arbitration. *Id.* That Court also determined that "the arbitration clause was not procedurally unconscionable because it was easy to find within the employment agreement, and it was clear and easy to understand." *Id* at 81.

In this case, the Arbitration Agreement is two (2) pages long and sets off important language in all-caps and bolded font. *See ECF #13-1*, Arbitration Agreement. That bolded, capitalized language specifically identifies each of the statutes Plaintiff is asserting claims under and notes that the "**AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.**" *Id.*

5

Plaintiff also claims that she could not meaningfully review the Arbitration Agreement in a limited time because English is her second language. Such an argument is belied by the facts of this case. Plaintiff Bray was employed as a Claims Adjuster by United Insurance. She obviously believed she was capable of working in a business environment that required her to read, understand, and process multiple insurance claims daily. In addition, Plaintiff has alleged that this position was only the beginning of her pursuit of career goals.[3] It is disingenuous for Plaintiff to now claim that she was incapable of reading and understanding a two-page document.

The Court has already held that arbitration is the appropriate forum for Plaintiff's claims. United Insurance cannot be expected to litigate Plaintiff's claims both before this Court and before the arbitrator. That would expose United Insurance to undue costs and administrative burdens. It would also create the potential for double recovery for the plaintiff and the possibility of multiple, inconsistent findings. Such a result is clearly improper and would undermine the purpose of the Federal Arbitration Act and run afoul of the liberal federal policy favoring arbitration agreements. *See e.g., MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) ("When it enacted the FAA, Congress intended for parties who have agreed to arbitrate disputes to do so in a speedy manner without delay or obstruction by the courts").

The Court has already held that the submission of Plaintiff's employment law claims to arbitration is mandatory and her exclusive remedy. Even if the Court had not, it is clear from the terms of the Arbitration Agreement and applicable law that the validity and arbitrability of the agreement should be determined by the arbitrator. As a result, the Court should dismiss Plaintiff's First Amended Complaint.

---

[3] United Insurance also notes that Plaintiff has navigated the legal system with more aplomb than the vast majority of *pro se* plaintiffs to this point.

B.  **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES AS REQUIRED TO ASSERT AN ADEA CLAIM**

Plaintiff must exhaust her administrative remedies with the EEOC for federal claims and the Missouri Commission on Human Rights for claims under the Missouri Human Rights Act in order to assert a claim for discrimination. *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 673-674 (8th Cir. 1994). Plaintiff has not done so. This exhaustion "requires a claimant to give notice of <u>all claims</u> of discrimination in the administrative complaint . . . ." *Id.* at 671 (emphasis added). *See also Stuart v. General Motors Corp*, 217 F.3d 621, 630-31 (8th Cir. 2000). The exhaustion requirement is mandatory. *Tart*, 31 F.3d at 673.

Plaintiff argues that the First Amended Complaint includes facts that reasonably give rise to her claim under the ADEA. This argument misses the mark. A plaintiff is limited to "relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations <u>in the administrative charge</u>." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (emphasis added). It is not sufficient that the First Amended Complaint alleges facts supporting an ADEA claim if those facts were not included in Plaintiff's Charge of Discrimination.

Even giving Plaintiff the benefit of the doubt that she meant that her Charge of Discrimination included facts supporting an ADEA claim, this argument must fail. It is true that courts will broadly construe an employee's Charge of Discrimination, but they will not invent "a claim which simply was not made." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). Here, Plaintiff simply did not make a claim for age discrimination in her Charge.

Plaintiff did not check the box for "AGE" on her Charge, nothing in her narrative explanation mentions her age, and she does not identify any comments or conduct by United Insurance that related to her age. *See ECF #1-1*, Charge of Discrimination. In addition, Plaintiff

7

acknowledged in the First Amended Complaint that she did not "complain about this same conduct in [her] charge of discrimination," and did not "state the same reason(s) in [her] charge of discrimination[.]" *See ECF #21-1*, Proposed First Amended Complaint, pp. 4-5. In short, Plaintiff's Charge of discrimination did not provide sufficient notice of the claim at issue. *See Russell v. TG Missouri Corporation*, 340 F.3d 735, 747-48 (8th Cir. 2003). As a result, Plaintiff's ADEA claim should be struck if the Court chooses not to dismiss the First Amended Complaint in its entirety.

### III. CONCLUSION

Defendant United Insurance respectfully requests that the Court dismiss Plaintiff's First Amended Complaint because arbitration is the exclusive and mandatory remedy for all of Plaintiff's claims. Alternatively, if the Court does not dismiss the First Amended Complaint, Defendant United Insurance respectfully requests that the Court strike Plaintiff's claims under the ADEA because she has failed to exhaust her administrative remedies.

Respectfully submitted,

/a/ Amy L. Nixon
Amy L. Nixon #53233
anixon@littler.com
LITTLER MENDELSON, P.C.
One Metropolitan Square
211 North Broadway
Suite 1500
St. Louis, MO 63102
Telephone: 314.659.2000
Facsimile: 314.659.2099

Attorney for Defendant United Insurance Company of America

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2014, a copy of the foregoing was filed with the Court via CM/ECF and mailed, US Mail, postage prepaid, to the following:

Larisa V. Bray
*Pro se Plaintiff*
225 Las Olas Drive
Belleville, IL 62221


/s/ Amy L. Nixon

Firmwide:129798221.2 035315.1019