UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARISA V. BRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-01390-CEJ |
| ) | |
| UNITED INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss this case for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Plaintiff brings this action claiming that the defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq. The plaintiff has responded to the motion and the issues are fully briefed.

**Background**

Plaintiff Larisa V. Bray was employed by defendant United Insurance Company of America as a claims adjuster beginning on January 7, 2013. When Bray began her employment, she signed an Arbitration Agreement that contained the following provision:

> **[A]ll disputes related to Employee's employment by Employer (or any affiliate of Employer), or the termination of that employment (excepting only the following: (1) charges filed with the U.S. Equal Employment Opportunity Commission ("EEOC") or state fair employment practices agency, for so long as said charges remain under investigation, and (2) claims brought by the Employer for injunctive relief and/or breach of**

**covenant not to compete), shall be settled by arbitration administered by the American Arbitration Association ("AAA") pursuant to the AAA's National Rules for Resolution of Employment Disputes ("AAA Rules"), as amended from time to time.**

[Doc. #13-1]

The Arbitration Agreement also provides that arbitration is the "exclusive method of resolving all disputes relating to Employee's employment with Employer or the termination of that employment." *Id.* The Arbitration Agreement incorporates all of the American Arbitration Association's National Rules for the Resolution of Employment Disputes. *Id.*

In an earlier motion, United requested that the proceedings in this case be stayed pending arbitration. The motion to stay was denied based on the Court's belief that "[p]ausing this litigation only to dismiss it once the arbitration concludes is not in the interest of judicial economy." [Doc. #26] United now moves to dismiss the case, asserting that arbitration is Bray's exclusive remedy for her claims. Alternatively, United seeks dismissal of Bray's claim based on the ADEA for failure to exhaust administrative remedies.

**Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319,

327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

**Discussion**

Bray argues that the Arbitration Agreement is not a valid contract because she either signed it under duress or did not understand it. Whether a valid contract to arbitrate existed is a question for judicial determination. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 288 (2010) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Bray also argues that the Arbitration Agreement is substantively unconscionable because she could not have predicted the consequences of signing it. This argument raises a question of enforceability. Assuming that a contract to arbitrate was formed, a question about its enforceability can itself be subject to arbitration by the terms of the arbitration contract. *Rent–A–Center, Inc. v. Jackson*, 561 U.S. 63, 68 (2010).

Under Missouri law, "[a] valid contract contains the essential elements of 'offer, acceptance, and bargained for consideration.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 850 (8th Cir. 2014) (quoting *Johnson v. McDonnell*

3

*Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. 1988) (en banc)). Procedural unconscionability is a defense to contract formation. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 858 (Mo. 2006) (en banc). The defense of "[p]rocedural unconscionability focuses on such things as high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process." *Id.*

Here, Bray states that signing the Arbitration Agreement was "an ultimatum to have a job with the Defendant." [Doc. # 32, p. 2]. Requiring a prospective employee to satisfy a condition precedent to employment is not duress. Likewise, Bray's assertion that she did not understand the legal effect of the Arbitration Agreement because English is not her native language is unpersuasive. Bray does not contend that she was "tricked" into signing the agreement or that she did not have the opportunity to have the agreement explained to her. Instead, she states that she "put her signature there as it was the only way to get a job." <u>Id</u>. Bray has not presented any facts plausibly suggesting that the Arbitration Agreement was substantively unconscionable and therefore invalid. *See Bell Atlantic Corp.*, 550 U.S. at 570.

Under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA manifests the strong federal policy favoring arbitration and requires courts to enforce arbitration agreements according to their terms. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). Any doubts concerning the scope of

arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

Because the FAA directs that arbitration agreements be treated like other contracts, they may be invalidated by defenses "such as fraud, duress, or unconscionability." *Jackson*, 561 U.S. at 68. However, that does not always mean a court determines whether those defenses apply, because "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* 68–69. Where the person opposing arbitration challenges the enforceability of an arbitration agreement, that question is one for the arbitrator if there is "clear and unmistakable" evidence that "the parties agreed to arbitrate arbitrability." *Kaplan*, 514 U.S. at 944 (quoting *AT & T Technologies, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)).

The Arbitration Agreement incorporates the AAA's Rules. The Eighth Circuit has held that by incorporating the AAA's Rules in an arbitration agreement, parties clearly and unmistakably agree to allow the arbitrator to determine threshold questions of arbitrability. *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011). Moreover, this Court has previously held that an arbitration agreement's incorporation of the AAA's Rules requires arbitration of a claim that the agreement was substantively unconscionable. *See, e.g.*, *Randazzo v. Anchen Pharm., Inc.*, No. 4:12-CV-999-CAS, 2012 WL 5051023, at *3 (E.D. Mo. Oct. 18, 2012); *Fox v. Career Educ. Corp.*, No. 4:11-CV-1584-DDN, 2012 WL 1205155, at *3 (E.D. Mo. Apr. 11, 2012). Thus, Bray's claim that the Arbitration Agreement is substantively unconscionable and should not be enforced is a question for the arbitrator.

Under the terms of the Arbitration Agreement, Bray agreed to arbitrate, rather than litigate, all claims arising from her termination. Therefore, her complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because the Court finds that arbitration is Bray's exclusive remedy, it is unnecessary to address the defendant's failure-to-exhaust argument.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's first amended complaint [Doc. #30] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2014.